Memorandum. The judgment should be reversed and case remitted to the County Court, Nassau County, for a hearing. It was erroneous as a matter of law when, upon the defendant’s application to withdraw his guilty plea prior to sentence, the Trial Judge failed to inquire into the truth of the allegations that the defendant had been induced into pleading guilty by the threat of a heavier sentence and by a misunderstanding as to a promise of leniency. (See, e.g., People v. Weldon, 17 N Y 2d 814; People v. Russell, 15 N Y 2d 657; People v. Zilliner, 14 N Y 2d 834; People v. Picciotti, 4 N Y 2d 340.) Although, when he entered his guilty plea, the defendant indicated that no promise had been made to him by anyone concerning sentence, such evidence does not conclusively determine that in fact no promises had been made. (See People v. Elfe, 18 N Y 2d 601; People v. Glasper, 14 N Y 2d 893.)
Chief Judge Desmond and Judges Ftjm>, Van Voorhis, Burke and Bergan concur in memorandum; Judges Scileppi and KeatiNg dissent and vote to affirm. There was no abuse of discretion in denying defendant’s request to withdraw his plea of guilty (People v. Derrick, 15 N Y 2d 816) particularly where, as here, the Trial Judge had interrogated defendant before accepting his guilty plea in the first instance.
Judgment reversed, etc.