427 P.2d 264

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Julian ORTIZ, Defendant-Appellant.**
**No. 8277.**

Supreme Court of New Mexico.

May 8, 1967.

Edward T. Johnson, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Gary O. Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Judge, Court of Appeals.

This appeal presents for review an order denying a motion filed under § 21–1–1 (93), N.M.S.A.1953, to vacate and set aside the judgment and sentence imposed by the court below upon the defendant-appellant Julian Ortiz. The information contained two counts. The first charged defendant under § 40A–16–3, N.M.S.A., 1953, with unauthorized entry of a building with intent to commit theft. The second count charged larceny of personal property having a value in excess of $100.00 under § 40A–16–1, N.M. S.A., 1953. Defendant entered a plea of guilty to the first count, the second count was dismissed.

Upon defendant's admission of a prior conviction he was sentenced in accordance with the provisions of the Habitual Criminal Act, § 40A–29–5, N.M.S.A., 1953, to confinement in the penitentiary for a term of two and one half to 10 years.

The defendant has filed a motion under § 21–1–1 (93), supra, to vacate and set aside the judgment and sentence imposed upon him on the ground that the plea was involuntary and induced by an unkept promise of leniency made by an assistant district attorney. The trial court conducted a hearing, made findings of fact and conclusions of law and denied the motion to vacate the judgment and sentence. Appeal was prosecuted from the order denying the defendant's motion.

The basic question presented is whether denial of the motion to vacate the judgment and sentence constituted error. The facts found by the court below are summarized as follows:

Prior to arraignment defendant's attorney secured an agreement from the prosecution that if defendant would plead guilty to count one of the information filed against him the second count would be dismissed and the state would not proceed against him under the Habitual Criminal Act. Accordingly, it was agreed that upon such plea the maximum sentence to which defendant would be subjected would not exceed one to five years confinement.

Defendant's counsel, having formed an opinion that defendant was without adequate defense to count one of the information advised him to plead guilty in accordance with the agreement. Upon arraignment the court, among other things, asked the defendant whether promises of leniency

or of any other sort had been made to him to secure a plea of guilty, to which defendant replied in the negative.

The court then asked: "Do you understand that if you plead guilty you will be sentenced to the State Penitentiary for not less than one or more than five years?" to which the defendant replied: "Yes, sir." Thereafter defendant entered his plea of guilty to count one "in reliance upon the information and advice of his attorney as aforesaid."

Subsequent to acceptance of defendant's plea but prior to sentence the prosecutor filed an information charging defendant with one prior conviction under the Habitual Criminal Act. Defendant objected on the ground that the prosecution had agreed not to institute such an action. The court disallowed the objection concluding that defendant by acknowledging that he had not been promised leniency in return for his plea was estopped from contending that such promises were made or that his plea was involuntary because of being induced thereby; that even though such promises were made by the prosecuting attorney he was without authority to promise to forego action under the provisions of the Habitual Criminal Act.

■ It is a fundamental rule of criminal procedure that a judgment and sentence cannot stand if based upon an involuntary plea of guilty induced by an unkept promise of leniency. A guilty plea induced by either promises or threats which deprive it of the character of a voluntary act is void and subject to collateral attack. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); DeLeon v. United States, 355 F.2d 286 (C.C.A. 5 1966); Lattin v. Cox, 355 F.2d 397 (10th Cir. 1966); Ward v. Page, 238 F.Supp. 431 (D.Okla.1965); McClure v. Boles, 233 F.Supp. 928 (N.D.W.Va.1964); Roberts v. People, Colo., 404 P.2d 848 (1965); People v. Sharp, 157 Cal.App.2d 205, 320 P.2d 589 (1958); People v. Wadkins, 63 Cal.2d 110, 45 Cal.Rptr. 173, 403 P.2d 429, 432 (1965); Putnam v. United States, 337 F.2d 313 (10th Cir. 1964). See also People v. Odlum, 91 Cal.App.2d 761, 205 P.2d 1106 (1949). To withhold the privilege of withdrawing a guilty plea in order to re-assume the position occupied prior to its entry would constitute a denial of due process of law. People v. Wadkins, supra; Ward v. Page, supra; McClure v. Boles, supra; Lattin v. Cox, supra.

■ Appellee argues that the burden of proof is on defendant to show that the plea was involuntary and since there was no such evidence nor a finding as to whether the plea was voluntary or involuntary the judgment should be affirmed. While no such specific finding was made the court did find that the guilty plea was entered in reliance upon the information and advice of his attorney with respect to the agree-

ment between the district attorney and his counsel, the terms of which were found by the court as above stated. In our opinion the findings adequately show that the plea was induced by the unkept agreement with the result that it was involuntary.

As we have stated, the trial court concluded that defendant was estopped to show or contend that the guilty plea was involuntary for the reason that upon arraignment defendant when interrogated by the court denied that a promise of leniency had been made him.

■ Defendant's statement does not conclusively determine that in fact no promises had been made. See People of the State of New York v. Granello, 18 N.Y. 2d 823, 275 N.Y.S.2d 528, 222 N.E.2d 393 (1966).

■ Before sentence was imposed the court was aware of the agreement and at that time knew or could by further inquiry have ascertained that the plea was involuntary and should then have permitted or directed that the plea be withdrawn and a plea of not guilty entered. In view of the facts presented here we do not consider the doctrine of estoppel to be applicable.

■ The authority of the district attorney to enter into an agreement to forego action under the Habitual Criminal Act is questioned by the appellee. We need not consider whether such authority exists in that to our mind the lack of authority on the part of the district attorney to enter into an agreement of the type involved here would not affect the character of the guilty plea.

The cause will be remanded to the district court with direction to vacate judgment and sentence, allow the defendant to withdraw the plea of guilty and enter a plea of not guilty and to conduct such other and further proceedings as are consistent herewith.

It is so ordered.

MOISE and CARMODY, JJ., concur.