(No. 40972.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RICHARD RIEBE, Appellant.

*Opinion filed September 24, 1968.*

THOMSON, THOMSON AND MIRZA, of Bloomington, (CHESTER THOMSON and JOHN NAYLOR, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and HUGH A. HENRY, JR., State's Attorney, of Bloomington, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On June 12, 1967, the defendant, Richard Riebe, entered a plea of guilty to an indictment which charged him in count 1 with the murder of his former wife, in count 2 with the murder of her mother, and in count 3 with the attempted murder of her brother. On June 16, 1967, the defendant was sentenced to imprisonment for a term of not less than 30 nor more than 45 years upon each of the two murder counts and for a term of not less than 5 nor more than 10 years upon the count charging attempted murder. The judgment provided that the three sentences were to run concurrently.

Thereafter, on June 22, 1967, the defendant filed a motion to vacate the judgment and for leave to withdraw his plea of guilty. The motion was denied. The defendant has appealed directly to this court, contending that because of the circumstances under which his plea was entered, the order denying his motion to vacate the judgment of conviction and to withdraw his plea of guilty deprived him of due process of law under the provisions of the constitutions of the United States and of this State.

There are no disputed facts. Before the defendant's plea was entered, there was a conference in the chambers of the trial judge, at which the State's Attorney, one of his assistants, and the attorney for the defendant were present. The discussion centered about the possibility of a plea of guilty to save the expense and inconvenience of a lengthy trial. At the outset the judge stated that he "would not be committed" and he repeated that observation at a later stage of the discussion. The attorney for the defendant

stated that the defendant would not enter a plea of guilty unless there was a suggestion that the minimum sentence would not exceed 25 years. Both the State's Attorney and the attorney for the defendant indicated that "a minimum sentence of 20 years would not be disagreeable to either of them." Thereafter the attorney for the defendant stated that he intended to recommend a minimum sentence of 16 years. When the State's Attorney indicated that he would recommend a minimum of 30 years and a maximum of 40 years, the judge suggested that in open court the State's Attorney recommend instead a minimum of 25 years and a maximum of 40 years. The judge stated that the minimum sentence would be "in the area" suggested by the two attorneys, and computed and stated his opinion as to the amount of time that would elapse before a defendant would be eligible for discharge on a minimum sentence of 22 years. The defendant was advised of these discussions, and then entered his plea of guilty.

After the plea was accepted, a hearing in mitigation and aggravation was held at which the defendant testified as to his marital difficulties and to the events that immediately preceded his shooting of his former wife, her mother and her brother. He also testified to a history of mental instability on the part of his father and his sister. A psychiatrist who had examined the defendant testified that the defendant was suffering from "a psychoneurotic condition, depression type" and that at the time of the shootings the defendant's "defense mechanism broke down and he exploded into an action which he could not control." The brother of the defendant's wife testified that the defendant shot him once in the chest and thereafter as he lay on the floor, shot him again in the head. On his own motion the trial judge examined the transcript of the proceedings in the divorce case between the defendant and his wife. The State's Attorney and the attorney for the defendant made their recommendations as to the sentence to be imposed, and the judge then

imposed concurrent sentences of not less than 30 nor more than 45 years on each of the murder counts and of not less than five nor more than 10 years on the attempted murder count.

The defendant moved to vacate the sentences. The motion was denied, and in the order denying the motion the court pointed out that at no time during the conference with respect to a plea of guilty "was any mention made whether the sentences were to be concurrent or consecutive."

In our opinion the defendant's motion to vacate the judgment and for leave to withdraw his plea of guilty should have been granted. "The discretion of the trial court to permit the withdrawal of the plea of guilty is a judicial discretion which should always be exercised in favor of innocence and liberty. The law favors a trial upon the merits by jury, and all courts should so administer the law and construe the rules of practice as to secure a hearing upon the merits, if possible. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of the plea from guilty to not guilty. The withdrawal of the plea of guilty should not be denied in any case where it is evident that the ends of justice will be served by permitting the plea of not guilty in its stead. *People* v. *Schraeberg,* 340 Ill. 620; *People* v. *Kurant,* 331 Ill. 470." *People* v. *Jameson,* 387 Ill. 367, 375.

The trial judge participated in the negotiations that preceded the plea of guilty, and at that time stated that the minimum sentences would be "in the area" of the minimum sentences agreeable to the prosecution and the defense —that is, in the area of 20 years. When the trial judge thereafter changed his mind, and was no longer willing to impose minimum sentences of that duration, fairness required that he so inform the defendant and afford him an opportunity to withdraw his plea of guilty. See, A.B.A.

Minimum Standards for the Administration of Criminal Justice: Pleas of Guilty, Revised Standards 3.3, 2.1.

The judgment is reversed and the cause is remanded to the circuit court of McLean County for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*