477 P.2d 1015

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Glen Thomas KING, Defendant-Appellant.**

### No. 527.

Court of Appeals of New Mexico.

Dec. 4, 1970.

C. Gene Samberson, Heidel, Swarthout & Samberson, Lovington, for ·defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Frank N. Chavez, Asst. Atty. Gen., for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant's motion for post-conviction relief under Rule 93 [§ 21–1–1 (93) N.M. S.A.1953 (Supp.1969)] was denied without a hearing and he appeals.

We affirm.

■ Defendant asserts that he was not advised of his right to remain silent; that he was at no time afforded counsel; that he signed a statement without assistance of counsel; and that the district attorney's office advised him as to what to do when he entered his plea.

These assertions are not sustained by the record. The record shows that he was offered counsel if he could not afford to hire his own lawyer, that he told the court he did not want a lawyer, and then after questioning by the court concerning his understanding of the possible penalty, his right to a jury trial, defendant denied any promise or threats, and denied making any statements that made him think he ought to plead guilty, he then proceeded to plead guilty.

Defendant does not claim that his guilty plea was involuntary. Absent such a claim, and with the affirmative showing of the questioning by the court prior to the plea, the claims state no basis for relief. State v. Elledge, 81 N.M. 18, 462 P.2d 152 (Ct. App.1969).

■ Defendant claims that failure to appoint counsel to assist in the "motion under rule 93" was error. We disagree. Defendant was not entitled to appointed counsel on motion for post-conviction relief where the files and records conclusively showed that he was not entitled to relief.

State of New Mexico v. Tafoya, 81 N.M. 686, 472 P.2d 651 (Ct.App.1970).

Affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.