482 P.2d 68

**David Wright STAFFORD, Petitioner-Appellant,**

v.

**The STATE of New Mexico, Respondent-Appellee.**

**No. 552.**

Court of Appeals of New Mexico.

Feb. 19, 1971.

David W. Bonem, Clovis, for petitioner-appellant.

James A. Maloney, Atty. Gen., John A. Darden, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

OPINION

HENDLEY, Judge.

Defendant originally pleaded guilty to a charge of sexual assault. Thereafter, he filed a pro se "Writ of Habeas Corpus" which was treated as a motion for post-conviction relief pursuant to § 21-1-1 (93) N.M.S.A.1953 (Repl.Vol. 4). The motion was denied without hearing and defendant appeals giving three grounds for reversal.

We affirm.

1. DEFENDANT'S HEALTH CONDITION.

Defendant contends that "Due to * * * my health conditions I do not feel like I received Justice." Appellate's counsel contends that because defendant lacked verbal eloquence, "the obvious intent of this averment was to indicate to the Trial Court that due to physical or mental disabilities, the petitioner's plea of guilty was not tendered of his own volition * * *"

Prior to sentencing trial counsel, in his argument for a suspended sentence, mentioned that defendant needed a prostate operation. Defendant also stated that he had been in a mental hospital for nine years and also that he was out on probation from Texas on a fondling charge.

The claim, as worded by defendant, is too vague to state a basis for relief. Pena v. State, 81 N.M. 331, 466 P.2d 897 (Ct. App.1970). The claim, as worded by counsel, goes to the voluntariness of the plea. The alleged facts—of a need for a prostate operation, time in a mental hospital and prior conviction on a "fondling" charge raise no issue as to an involuntary plea, rather they go to the question of competency to plead. Further, the record shows detailed questioning by the trial court as to voluntariness of the plea. None of the alleged facts in any way controvert the voluntariness shown by the record. The claim, as argued by counsel, is that the alleged facts raise a question as to competency to plead. They do not. They raise no issue as to competency to plead because none of

the alleged facts indicate incompetency at the time of the plea. See State v. Kenney, 81 N.M. 368, 467 P.2d 34 (Ct.App.1970); State v. Botello, 80 N.M. 482, 457 P.2d 1001 (Ct.App.1969); State v. Barefield, 80 N. M. 265, 454 P.2d 279 (Ct.App.1969); State v. Smith, 80 N.M. 742, 461 P.2d 157 (Ct. App.1969); compare State v. Cliett, 79 N.M. 719, 449 P.2d 89 (Ct.App.1968); Hoffman v. State, 79 N.M. 186, 441 P.2d 226 (Ct.App.1968); State v. Guy, 79 N.M. 128, 440 P.2d 803 (Ct.App.1968).

## 2. REFUSAL TO PERMIT WITHDRAWAL OF GUILTY PLEA.

Defendant first pleaded not guilty. Later he changed the plea to guilty. His attorney then argued for a suspended sentence. The trial court stated that he would likely impose a prison sentence but felt he should have a pre-sentence report in view of counsel's argument for a suspended sentence. The trial judge then offered the defendant an opportunity to withdraw his guilty plea. This offer was rejected. Subsequently, the pre-sentence report was received and reviewed by defendant and his attorney. Defendant stated that some of the facts contained in the pre-sentence report were false. The trial judge stated that he had received a letter from defendant stating that if he was not going to receive a suspended sentence then he wanted to withdraw his plea of guilty. The Court refused to allow a change of plea.

The trial court has discretionary power in accepting a plea of guilty but if the defendant relates facts inconsistent with guilt then the plea should not be accepted. State v. Leyba, 80 N.M. 190, 453 P.2d 211 (Ct. App.1969). However, here we have a plea of guilty, entered into voluntarily and with a full and complete knowledge of rights and the consequences of his act. This is not a case of "plea bargaining." See State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967). Compare State v. Brown, 33 N.M. 98, 263 P. 502 (1927). This is a case of defendant being fully aware of his rights and the consequences of his acts and not getting the desired result. See State v. Leyba, supra.

## 3. FAILURE TO APPOINT COUNSEL TO PRESENT MOTION.

As pointed out under points 1 and 2 there were no factual allegations which would require a hearing. There is therefore no requirement for appointment of counsel. State v. King, 82 N.M. 200, 477 P.2d 1015 (Ct.App.) decided December 3, 1970.

Affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.