484 P.2d 358

Ray Vernon ADKINS, Petitioner-Appellant,

v.

The STATE of New Mexico, Respondent-Appellee.

No. 575.

Court of Appeals of New Mexico.

April 9, 1971.

Ted L. Hartley, Garrett & Hartley, Clovis, for petitioner-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Frank N. Chavez, Asst. Atty. Gen., for respondent-appellee.

## OPINION

HENDLEY, Judge.

Defendant's motion for post-conviction relief under Rule 93 [§ 21–1–1(93), N.M. S.A.1953, (Repl.Vol. 4, 1970)] was denied after a hearing on the motion. Defendant asserts the trial court erred in finding that at the original trial he (1) was adequately advised of his rights, (2) was adequately represented by counsel, (3) knowingly and intelligently waived his right to counsel, and (4) voluntarily entered his guilty plea.

We affirm.

On appeal we view the evidence most favorable to support the findings. State v. Moser, 80 N.M. 404, 456 P.2d 878 (1969). Findings supported by substantial evidence are conclusive on appeal. State v. Wheeler, 81 N.M. 758, 473 P.2d 372 (Ct.App.1970).

The findings of the trial court regarding the Rule 93 motion are sustainable by the record.

Independent of that hearing the record reveals that at the original proceeding prior to accepting the guilty plea, the trial judge solicitously explained to defendant his rights and explored the voluntariness of the plea, to the extent of not accepting a plea of guilty to the second count of the indictment. Further, when defendant stated he did not want an attorney, the trial judge insisted that he consult one. An attorney was provided by the court and he consulted with the defendant. Defendant, after consultation with an attorney, stated he did not want an attorney. The record of that proceeding is such that a denial of petitioner's motion without a hearing would have been sustained. Compare State v. King, 82 N.M. 200, 477 P.2d 1015 (Ct.App. 1970); State v. Hansen, 79 N.M. 203, 441 P.2d 500 (Ct.App.1968).

Affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.