2 Ill. App.3d 584 (1971)
277 N.E.2d 136
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
KENNETH GOODMAN, a/k/a RALPH BOTTOMS, Defendant-Appellant.
No. 71-61.
Illinois Appellate Court  Second District.
December 23, 1971.
*585 E. Roger Horsky, and Ralph Ruebner, of Defender Project, of Elgin, for appellant.
Dexter A. Knowlton, State's Attorney, of Freeport, for the People.
Judgment affirmed.
Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:
Defendant appeals from a conviction for the theft of property exceeding $150.00 in value for which he was sentenced to a term of four to eight years in the penitentiary.
The conviction is based upon his entry of a plea of guilty which he now claims was entered involuntarily, claiming further that the trial court erred by denying his motion to withdraw the plea.
On January 12, 1971, prior to the entry of the plea, the trial court admonished the defendant in accordance with Supreme Court Rules 401(b) and 402(a)(c) [S.H.A., Ch. 110A, Sec. 401 and 402(a)(c)]. No issue is raised thereto. The issue is whether the admonishment complied with Supreme Court Rule 402(b) and (d). S.H.A., ch. 110A, sec. 402(b)(d).
During the admonishment, the court inquired if any plea negotiations had taken place. The State's Attorney responded affirmatively and stated that defense counsel had been informed of the recommendations the State would make to the court in the event of a plea of guilty; that he had been informed by defense counsel that the recommendations had *586 been conveyed to the defendant; and that at "the appropriate time I will ask him [defense counsel] when the recommendation is made, if, in fact, this negotiation was conveyed to the defendant."
"BY THE COURT: Mr. Rodkey [defense counsel], is this your understanding of the plea negotiations had in this case?
BY MR. RODKEY: Yes.
BY THE COURT: And this has been communicated to the defendant in this case?
BY MR. RODKEY: Yes.
BY THE COURT: And that is in its entirety?
BY MR. RODKEY: Yes.
BY THE COURT:
Q. Mr. Bottoms, do you agree, is this correct, that Mr. Rodkey has communicated to you what the State's Attorney would recommend as a penalty in this case in the event you entered a plea of guilty?
A. (Defendant) Yes, sir.
Q. All right, now, let me advise you at this time, Mr. Bottoms that even though Mr. Knowlton, the State's Attorney, makes a recommendation as to what the penalties ought to be in this case, I, as Judge, am not bound to follow that recommendation, and I'm at liberty to impose a sentence which I feel to be proper in this case within the limitations of one to ten years, do you understand that?
A. Yes.
Q. And, likewise, if your own attorney makes a recommendation as to what the penalties ought to be in this case, I need not follow his recommendation either, do you understand that?
A. Yes.
Q. Now, knowing all these things, knowing of your right to a jury trial, your right against self-incrimination, and all the explanation I have made in this matter as to the penalties which can be assessed against you and the other explanations I have made, do you now still persist in and renew your plea of guilty?
A. Yes, Sir.
Q. All right, the Court will now accept your plea of guilty to the charge contained in the Information."
Thereafter, defendant moved for probation and, at the conclusion of the testimony, the State's Attorney, addressing the court, stated:
"In view of the defendant's long record, I concur with the report of the Probation Officer in this matter, and I feel that an appropriate sentence would be not less than one, nor more than seven years in the Illinois State Penitentiary. This is the recommendation I conveyed to the defendant through his counsel.

*587 BY THE COURT: Mr. Rodkey?
BY MR. RODKEY: The defendant wishes me to recommend that he be sentenced one to three. That's all I have, your Honor.
BY THE COURT: Mr. Bottoms, do you have anything else you wish to say to the Court before I pass sentence?
BY THE DEFENDANT: Only that I don't believe I'd make parole real fast with my past record. That's why I'm asking for a lighter sentence, if possible."
It should be noted that the court was not informed of the contents of the referred-to plea negotiations; neither did either side request permission to disclose the same for the court's consideration.
The court denied probation, sentenced the defendant and advised him of his rights to appeal. Within a week, the defendant filed a motion to withdraw his plea of guilty. By way of a memorandum decision, the court denied this motion.
Defendant contends that the plea of guilty was involuntary, asserting it was the product of a plea agreement, the terms of which were neither stated in open court nor confirmed by the court prior to its acceptance; that, consequently, the acceptance of the plea was in violation of the 14th Amendment of the U.S. Constitution and Supreme Court Rule 402(b). This contention is bottomed upon the conclusion that an agreement between the defendant and State's Attorney had been reached. The record does not substantiate such contention but merely discloses that the State's Attorney had made a recommendation, the substance of which was not revealed. Nowhere is it shown that the defendant was agreeable to the recommendation. (In fact, indicative of a contrary conclusion which we do not consider here because it came after the acceptance of the plea of guilty, is the disparity shown by counsels' recommendations: the State recommended a sentence of 1-7 years, the defense, 1-3 years.)
Supreme Court Rule 402(b) and (d) provide:
"(b) Determining Wether the Plea is Voluntary. The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreements * * *.
(d) Plea Discussions and Agreements. When there is a plea discussion or plea agreement, the following provisions, in addition to the preceding paragraphs of this rule, shall apply:
(1) The trial judge shall not initiate plea discussions.
(2) If a tentative plea agreement has been reached by the parties *588 which contemplates entry of a plea of guilty in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the trial judge may permit, upon request of the parties, the disclosure to him of the tentative agreement * * * The judge may then indicate to the parties whether he will concur in the proposed disposition; * * * If he has indicated his concurrence * * * he shall so state in open court at the time the agreement is stated as required by paragraph (b) of this rule * * *.
(3) If the parties have not sought * * * his concurrence * * * to a plea agreement, he shall inform the defendant in open court at the time the agreement is stated as required by paragraph (b) of this rule that the court is not bound by the plea agreement, and that if the defendant persists in his plea the disposition may be different from that contemplated by the plea agreement." (Emphasis added.)
Referring to section 3, Committee Comments, S.H.A., ch. 110A, sec. 402, p. 52, states:
"* * * (3), where there is a plea agreement but no concurrence or conditional concurrence by the judge (either because the parties have not sought it or the judge has declined to give it), the judge is required to advise the defendant that he is not bound by the agreement stated in court at the time of the plea * * *." (Emphasis added.)
Defendant, relying on a single provision (paragraph b) which he claims paramount to all other provisions, argues that strict compliance is mandatory and that the failure of the court to have the terms of negotiation entered of record prior to acceptance of the plea created reversible error.
Rule 402 is prefaced with the statement that substantial compliance must be had with paragraphs (a) through (f) contained therein. Indeed, the intent of the rule is subverted by considering only a portion of that rule; therefore, a single provision may not be excerpted and relied upon.
 1-3 Neither party herein requested disclosure of their plea "recommendation" to the court, inor did they seek the court's concurrence. While we agree with defendant's assertion of the necessity for strict compliance with paragraph (b), the failure to so comply was on the part of the defendant, not the court. The court is expressly prohibited from initiating plea discussions and, as can be seen from the emphasized quoted portions of the rule, the burden is upon the parties to have their negotiations made of record. Certainly, the parties cannot bind the *589 court to the terms of an agreement of which it has no knowledge. At the time of accepting the plea of guilty, the court had no alternative but to invoke (as it did) paragraph (d), section 3.
 4, 5 Defendant's motion to withdraw his plea of guilty states that he agreed to so plead upon the recommendation that he would receive a sentence of one to seven years but the court did not follow the recommendation. Were we to assume defendant's implied agreement to the recommendation by his plea of guilty, we must still conclude that the trial court committed no error. (It has already been ascertained that the court cannot be bound without first being made aware of the plea arrangement and then, only if it concurs.) The record discloses that, after acceptance of the plea, the State complied with its part of the agreement by recommending a sentence of one to seven years. Because the court did not follow the recommendation, in no way deprived defendant of any of his rights. People v. Baldridge (1960), 19 Ill.2d 616, 621-622.
In order to avoid some appeals based upon technicalities, strict ritualistic requirements are imposed on the trial court. In this instance, it would seem (in accordance with a reading of the rule as a whole and comments thereon) that the burden of disclosing the terms of a negotiated plea must rest primarily with the defendant, the one whose interest is best served by such revelation, or with the prosecution. The court is particularly absolved of this responsibility.
For the reasons stated, we find no error and the judgment of the trial court is affirmed.
Judgment affirmed.
GUILD, J., concurs.
Mr. JUSTICE SEIDENFELD specially concurring:
While agreeing that the judgment below should be affirmed, I do not agree with all that is said in the majority opinion.
It is clear from the record that the court did not participate in any advance plea negotiations, and was unaware of any such discussions until advised by the State's Attorney at the time of the arraignment that he would make a recommendation of sentence to the court, the nature of which was not disclosed.
The admonishment by the court was in substantial compliance with Supreme Court Rule (402(a) and (b). The court properly concluded that the plea was voluntary and not based upon any promises before acceptance. There was, in fact, no agreement and the court so determined. In my view, the case should be disposed of on this basis.
*590 I do not think that the provisions of Supreme Court Rule 402 should be characterized as "ritualistic", and stated "in order to avoid some appeals based upon technicalities". The rule expresses standards and directions to insure the acceptance of a voluntary and understanding plea in conformity with constitutional requirements. Lines of inquiry are outlined which are to be pursued in substantial compliance with the rule and its purposes. The duty to see that Rule 402, Par. (b) is complied with, in my opinion, is on the court and cannot be placed upon the defendant or the prosecutor.
The majority opinion contains the statement (p. 5)
"While we agree with defendant's assertion of the necessity for strict compliance with paragraph (b), the failure to so comply was on the part of the defendant, not the court."
This is misleading. If there had been a plea agreement I think that the court would have had the duty "by questioning defendant personally in open court * * * (to) confirm the terms of the plea agreement", (Par. (b), supra) to determine whether an agreement or any other promises had been used to obtain the plea. The Committee Comments to Rule 402(b) state:
"* * * (b) also requires that if the tendered plea is the result of a plea agreement, then the agreement must be stated in open court. It is important to give visibility to the plea agreement process in this way, as otherwise the defendant may feel required to state falsely that no promises were made and the plea may later be subject to collateral attack."
I agree that under Paragraphs (d)(1), (2) and (3) of the Rule, referred to in the majority opinion, any duty to disclose the plea discussions and tentative agreements in advance of the guilty plea rests upon the defendant or the prosecutor, since the trial judge is not to initiate plea discussions and need not inquire into the terms if he does not wish to take part in the process or does not intend to concur, conditionally or otherwise, in the agreement. This portion of the rule is a recognition of "the propriety of limited advance consultation with the trial judge, with his permission and upon request of the parties, concerning the probable disposition upon an entry of a plea of guilty * * *". (A.B.A. Standards Relating to Pleas of Guilty, Commentary, Sec. 3.3(b), pages 75-76. See also Committee Comments appended to S.H.A., ch. 110A, par. 402(d)(2)).
My concern is that the language of the majority may be interpreted so as to dilute the requirement that the court determine that the defendant is pleading voluntarily and knowingly and that his plea is not given in reliance on an invisible plea agreement process.