STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOHN BEIER THEURER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 28, 1972—Decided March 20, 1972.

Before Judges CONFORD, MATTHEWS and FRITZ.

*Mr. Maurice M. Krivit* argued the cause for appellant (*Messrs. Krivit, Levitov, Miller, Galdieri & DeLuca,* attorneys; *Mr. Spencer N. Miller,* on the brief).

*Mr. Kenneth P. Zauber,* Deputy Attorney General, argued the cause for respondent (*Mr. George F. Kugler, Jr.,* Attorney General, attorney; *Mr. Michael R. Perle,* Deputy Attorney General, on the brief).

PER ·CURIAM. Defendant was indicted for using his influence as Republican County Chairman of Hudson County to protect certain gambling operations. He first pleaded not guilty. Thereafter plea bargaining was engaged in by counsel for the defendant, for the State and the County Court judge scheduled to try the case. Defendant sought a noncustodial sentence on grounds of age and advanced ill-health, in return for which he offered to plead guilty. Otherwise he proposed to go to trial.

On May 4, 1971, the date set for trial, the essence of an agreement between the court and counsel was read into the record by the judge as follows, in pertinent part:

> I, therefore, have indicated that if these men are willing to accept the suggestion, the suggestion of the Court is that if the appeal [*sic*] for a plea of guilty to the charge in this indictment still exists, I would receive it with the acknowledgement that if, after I have a full, complete, accurate presentence report as to the defendant Theurer, and all matters proper for consideration at the time of sentencing as relates to him, I feel that I cannot favorably entertain the conclusion of a sentence non-custodial in nature, I would advise defense counsel in advance of that sentencing date in sufficient time to afford him on behalf of his client and his client, the opportunity to withdraw the plea of guilty to the charge in this indictment and to enter a plea of not guilty, and to stand trial at an early, convenient date, convenient to both defense counsel as well as state's counsel.

Following this recital defendant pleaded guilty, the court calling upon him to say, as customary, whether he was doing

so without any promise, threat, inducement, etc. He so averred. Sentencing was scheduled for June 27, 1971. The State never took any affirmative position as to the nature of the sentence to be imposed.

On June 2, 1971 counsel for defendant sent the judge a physician's report concerning defendant's condition, dated April 28, 1971, and said a supplemental report would be submitted shortly. On June 7, 1971 the judge wrote counsel for defendant confirming a phone call to counsel's associate that he "had not received material as would support your position with respect to Mr. Theurer. * * * I am advised you intend to review the presentence report on your arrival in Mount Holly" (location of judge's chambers). On June 16, 1971 counsel sent the judge another doctor's report purporting to show defendant to be, in counsel's words, "a very sick person." The letter said:

I feel confident that you will peruse Dr. Reilly's report very carefully and of course, my desire is to confer with you with respect to this report and the reports heretofore filed prior to taking the bench on Monday, or during a court recess.

A meeting was held in chambers before sentencing on June 22, 1971, attended by counsel for defendant and for the State and the trial judge. Counsel for defendant has filed an affidavit stating that at the conference he mentioned the plea agreement and asked the judge what the nature of the sentence would be, but that the judge refused to say. The State concedes the latter fact is true (as, in effect, did the trial judge in the course of colloquy on the motion to withdraw the plea of guilty), but it says the judge told counsel the second medical report contained nothing new, thereby implying a custodial sentence would be imposed. Thereupon the matter proceeded to sentence and the court sentenced defendant to 364 days in the county jail and a $1,000 fine (as against a statutory maximum for the crime of three years' imprisonment and $1,000 fine).

■■ Immediately upon hearing the sentence counsel for defendant addressed the judge and moved to retract the plea of guilty, citing the plea agreement aforedescribed. The court responded by saying that defense counsel had been informed prior to sentencing by the judge "very directly" that the presentence report "necessitated a custodial sentence," and that he had written counsel to that effect and "suggested he be guided accordingly." Consequently, he denied the motion. What is before us does not support the judge's position that prior to or on the sentencing date he had finally determined and unequivocally informed the defense that a custodial sentence would necessarily be imposed — and that defense counsel should so have understood. In any case, experienced counsel for defendant could have been freed of the quandary in which he was obviously placed had the judge answered counsel's specific inquiry in chambers as to the nature of the sentence to be imposed. While ordinarily such an expression of intent prior to hearing the defendant and his counsel in open court on sentence would be improper, yet, in the context of the understanding between court and defendant arrived at on May 4, defendant was, in our view, entitled to be informed unequivocally, on request prior to sentence, concerning the custodial feature of the prospective sentence or, failing that, to the right forthwith to withdraw the guilty plea upon hearing the judge pronounce a custodial sentence. Defendant had expressly stipulated for either a trial of the charge or a plea of guilty in return for a noncustodial sentence. The court had concurred in those alternatives on May 4. Sound judicial administration as well as elementary principles of fairness required that the agreement be honored. *Santobello v. New York,* 404 *U. S.* 257, 92 S. Ct. 495, 30 *L. Ed.* 2d 427 (1971); *A.B.A. Standards Relating to Pleas of Guilty,* §§ 2.1(a)(ii)(5); 3.3(b); see also, *State v. Dent,* 51 *N. J.* 428, 438 (1968); *State v. Rhein,* 117 *N. J. Super.* 112, 119 (App. Div. 1971); *State v. Poli,* 112 *N. J. Super.* 374 (App. Div. 1970).

It should be noted that the plea negotiations which transpired here were not conducted in accordance with a memorandum of the Administrative Director of the Courts, dated December 28, 1970, expressing the general policy of the Supreme Court as to plea procedures.[1] Here the judge apparently did participate directly in the plea discussions. Moreover, the prosecutor did not reach an agreement with defendant. However, the spirit of the memorandum supports the justice of permitting this defendant under the particular circumstances here obtaining to withdraw his plea of guilty because the plea was tendered and accepted by the judge in accordance with the understanding between him and the defense that if the ultimate decision was to impose a custodial sentence, defendant would be afforded an opportunity to withdraw his plea.

The State urges it is now prejudiced because an important witness has died since June 21. But this is not defendant's

---

[1] In pertinent part, the memorandum reads:

1. The prosecutor and defense counsel may engage in discussions relating to pleas and sentences, but the judge shall take no part in such discussions.

2. Where the prosecutor and defense counsel reach an agreement as to the offense or offenses to which a defendant will plead on condition that other charges pending against the defendant will be dismissed, such agreement shall be placed on the record in open court at the time the plea is entered. If the plea is accepted by the judge in accordance with such agreement and subsequently the judge before whom a motion for dismissal of other charges is made pursuant to *R.* 3:25 in his discretion determines that the interest of justice would not be served by accepting such agreement, then and in that event the defendant shall be permitted to withdraw his plea.

3. Where the prosecutor and defense counsel reach an agreement as to the sentence which the prosecutor will recommend, such agreement shall be placed on the record in open court at the time the plea is entered. If the plea is accepted by the judge and subsequently at the time of sentencing in accordance with *R.* 3:21 the sentencing judge in his discretion determines that the interest of justice would not be served by accepting the prosecutor's recommendation made pursuant to such agreement, then and in that event the defendant shall be permitted to withdraw his plea.

fault. The State would be in the same position if the court had granted defendant's immediate motion for a retraction, as it should have.

The order denying the motion to withdraw the plea of guilty is reversed, the plea is set aside, and the matter remanded for trial.