**UNITED STATES of America,
Appellee,**

v.

**Paul Joseph HARVEY, Appellant.**

**No. 71-2040.**

United States Court of Appeals,
Fourth Circuit.

Argued June 5, 1972.

Decided July 12, 1972.

Daniel G. Grove, Washington, D. C., for appellant.

Gilbert K. Davis, Asst. U. S. Atty. for the Eastern District of Virginia (Brian P. Gettings, U. S. Atty., and K. Gregory Haynes, Asst. U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and FIELD, Circuit Judges.

## PER CURIAM:

Paul Joseph Harvey appeals his conviction of conspiring to forge and utter United States Treasury checks. He raises only one issue: did the district judge abuse his discretion in refusing to permit him to withdraw his plea of guilty?

Harvey initially pleaded not guilty to a five-count indictment charging him with two counts each of forging and uttering United States Treasury checks in violation of 18 U.S.C. § 495 and one count of conspiring to forge and utter the checks in violation of 18 U.S.C. § 371. Two weeks later, he moved to withdraw his plea of not guilty and enter a plea of guilty to the conspiracy count. The court then rearraigned him, ascertaining that his plea of guilty was voluntarily and intelligently made and that it had a factual basis. The court also learned that Harvey, on the advice of his counsel, had entered into a plea bargain for dismissal of the four substantive counts in the indictment in exchange for a plea of guilty to conspiracy. He assured the court that no other promises or threats had been made to induce his plea. After the court accepted the plea of guilty, the government moved to dismiss the substantive counts. The court promptly granted the motion, telling Harvey, "you are released and discharged insofar as those counts are concerned."[1]

Before sentencing, Harvey sought to withdraw his plea of guilty to the conspiracy count, alleging that he was innocent, that his counsel had given him poor advice, that he did not know one of the co-conspirators, and that a witness previously unavailable could now testify in his behalf.

Normally a defendant should be permitted to withdraw his plea of guilty before sentencing unless the government has been prejudiced by reliance on the plea. When the government has changed its position, the judge must weigh the defendant's reason for withdrawal against the prejudice the government will suffer. United States v. Tabory, 462 F.2d 352 (4th Cir. 1972). Here the government honored its side of the plea bargain. If Harvey's plea of guilty were withdrawn, the government would either have to proceed to trial on the conspiracy count alone or reindict Harvey on the substantive counts. On the other hand, Harvey's allegations, as explained and expanded when the court considered the motion to withdraw his guilty plea, fail to establish that the plea was not intelligently and voluntarily made or that it lacked an adequate factual basis. We conclude, therefore, that the district judge did not abuse his discretion by denying Harvey leave to withdraw his guilty plea.

Affirmed.

---

1. Deferral of dismissal of the substantive counts until after sentencing would have been preferable. By following this procedure, possible prejudice to the government would be lessened, and the defendant's motion to change his plea could be considered without the complication of dismissal of the other counts. In the meantime, the court would receive the benefit of the presentence report. *See generally,* ABA Standards Relating to Pleas of Guilty §§ 2.1 and 3.3 (Approved Draft 1968).