509 P.2d 892

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Richard Eugene JORDAN, Defendant-Appellant.**

**No. 1049.**

Court of Appeals of New Mexico.

April 13, 1973.

Frank P. Dickson, Larry W. Burch, Branch, Dickson & Dubois, P. A., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant pled guilty to burglary. Section 40A–16–3, N.M.S.A.1953 (2nd Repl. Vol. 6). Appealing, he attacks the procedure followed by the trial court in accepting the plea. Because of this asserted defective procedure he claims his plea is void. The appeal is frivolous.

Defendant was indicted January 19, 1972. He entered a plea of not guilty on January 24, 1972. On April 27, 1972, while represented by counsel, he changed his plea to guilty. After questioning defendant, the trial court accepted the guilty plea. On April 27, 1972, the trial court sentenced defendant to the penitentiary for sixty days for examination and evaluation. At the conclusion of the sixty day period he was returned to San Juan County. On July 5, 1972, the statutory sentence for burglary was imposed.

On July 14, 1972, defendant, by motion, attacked the voluntariness of his guilty plea. An evidentiary hearing was held on July 19, 1972. After this hearing the motion was denied.

This appeal does not involve the post-conviction proceedings, that is, the proceedings which occurred subsequent to July 5, 1972. Defendant does not claim, in this direct appeal from the sentence imposed July 5, 1972, that his guilty plea was involuntary. His only claim is that when his guilty plea was accepted the trial court's procedure was defective.

No such issue was raised in the trial court; it cannot be raised here for the first time. State v. Martinez, (Ct.App.) 84 N.M. 766, 508 P.2d 36 decided March 9, 1973; State v. Colvin, 82 N.M. 287, 480 P.2d 401 (Ct.App.1971); State v. Tafoya, 81 N.M. 686, 472 P.2d 651 (Ct.App.1970).

In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) the issue was the voluntariness of a plea. In decid-

ing that question, consideration was given to the procedure followed in accepting the plea. Here, there is no issue as to voluntariness. Further, in questioning defendant before accepting the guilty plea, the record affirmatively shows the trial court went beyond the requirements of Boykin v. Alabama, supra. There is no basis in the record for the procedural issue defendant seeks to raise.

The judgment and sentence is affirmed. It is so ordered.

SUTIN and LOPEZ, JJ., concur.