512 P.2d 1274

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Inez RAMOS, Jr., Defendant-Appellant.**

**No. 1140.**

Court of Appeals of New Mexico.

July 11, 1973.

J. Fred Boone, Portales, for defendant-appellant.

David L. Norvell, Atty. Gen., Lee Griffin, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The issue is whether the trial court erred in denying defendant's motion to withdraw his plea of guilty after sentence was imposed. Defendant claims denial of the motion deprived him of due process.

Defendant was charged with aggravated battery in violation of § 40A–3–5(C), N.M.S.A.1953 (2d Repl.Vol. 6). When arraigned, he pled not guilty. On the day set for trial, defendant changed his plea to guilty. Sentencing was postponed until a pre-sentence report could be obtained.

The proceedings at which the guilty plea was accepted, together with defendant's affidavit, and his attorney's certification as to his explanation of the contents of the affidavit to defendant, affirmatively show the plea of guilty was voluntary. Defendant does not claim to the contrary.

The pre-sentence report from the probation officer recommended a deferred sentence. At sentencing, both the defense attorney and the district attorney requested a deferred sentence. The district attorney informed the trial court that his sentencing request was part of a "plea bargain."

The trial court announced that it usually followed the sentencing recommendations of the district attorney and the probation office, but would not do so in this case because of the offense involved—cutting the victim with a knife. The trial court imposed the statutory penitentiary sentence for a third degree felony. It suspended all of the sentence except for thirty days to be served in the county jail and placed defendant on probation for three years from the date of his release from jail.

Defendant then moved to withdraw his guilty plea because there had been plea bargaining and because of the assumption that the trial court would follow the recommendations for a deferred sentence. The motion was denied; defendant appeals.

This is not a case of an unkept plea bargain. The district attorney agreed to recommend a deferred sentence; he kept that bargain. Thus, cases involving unkept promises on the part of the State are not in point. See Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State ex rel. Plant v. Sceresse, 84 N.M. 312, 502 P.2d 1002 (1972); State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967).

Defendant's claim is based on the following from United States ex rel. Culbreath v. Rundle, 466 F.2d 730 (3rd Cir. 1972):

". . . if the judge ultimately determines that the interest of justice would not be served by accepting the Government's recommendation made pursuant to such agreement the defendant should be permitted to withdraw his guilty plea, particularly where, as here, there is no Government claim of prejudice or harm."

In *Culbreath,* supra, the court based its view on the concept of fundamental fairness. Thus, *Culbreath,* supra, involves the concept of due process. See State ex rel. Plant v. Sceresse, supra.

Is it fundamentally unfair to hold defendant to his guilty plea when the only basis asserted for withdrawal of the plea is that the trial court refused to follow the sentencing recommendation of the district attorney? In answering this question in the affirmative, *Culbreath,* supra, seems to rely on the fact that the motion to withdraw the plea was made prior to imposition of sentence. See also, concurring opinion of Justice Marshall in Santobello v. New York, supra. We need not consider whether the motion to withdraw is made before or after imposition of sentence.

The due process concept as announced in Santobello v. New York, supra, is: ". . . to insure the defendant what is reasonably due in the circumstances.

Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

It is undisputed that the district attorney kept his bargain in recommending a deferred sentence. The circumstances here do not show that any expectation by defendant for a deferred sentence was the district attorney's doing. The record is to the contrary. In arguing the motion to withdraw the plea, counsel for defendant stated:

"  .  .  .  And, although I explained to him [defendant] that the Court was not bound by the recommendation, I knew what the recommendation of the District Attorney's Office would be and I told him that I felt like that the Court would follow it.  .  .  ."

Also:

"  .  .  .  I don't want the court to think, well, we gambled and after the Court announced sentence then we wanted to back up, but that is exactly the case, judge.  .  .  ."

Under the above circumstances, "  .  .  .  [t]his is a case of defendant being fully aware of his rights and the consequences of his acts and not getting the desired result." [citation omitted] Stafford v. State, 82 N.M. 365, 482 P.2d 68 (Ct.App.1971). We hold there was no denial of due process.

The judgment and sentence is affirmed. It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent. It is a cry in the wilderness.

On November 13, 1972, defendant voluntarily changed his plea from guilty to not guilty and the plea was accepted. The trial court was not advised of plea bargaining. The State requested a pre-sentence report and the matter was continued to December 4, 1972, when defendant's sentence would be determined.

On December 4, 1972, before sentence was pronounced, the trial court was advised that the pre-sentence report recommended a deferred sentence; that defendant's attorney recommended a deferred sentence. The district attorney then advised the court that this was an appropriate case for plea bargaining and respectfully requested the court to give defendant a deferred sentence. Thereupon, without indicating to defendant that the plea bargain would not be accepted, the trial court imposed a sentence. It did not call upon defendant to either affirm or withdraw his plea of guilty. The failure to do so constitutes reversible error.

A deferred sentence is an invaluable right which protects a person charged with crime who pleads guilty. A felony conviction will remain on defendant's record as long as he lives unless granted a full pardon. A deferred sentence would put defendant on probation to prove his good character, and, if proved, it would subsequently erase his record as a convicted felon. This result would protect defendant in his adventure through life.

After sentence was imposed, defendant's attorney advised the court that defendant was hesitant and reluctant to plead guilty; that defendant was advised the trial court would follow the recommendation. Defendant moved he be allowed to withdraw his plea of guilty and enter a plea of not guilty. When the court asked: "What says the State?", the State replied: "The State would object to the motion on behalf of the defendant."

Unfortunately our Supreme Court did not consider A.B.A. Standards Relating to Pleas of Guilty in adopting its Rules of Criminal Procedure. Section 41–23–1, N. M.S.A.1953 (2d Repl.Vol. 6, 1972 Supp.). Nevertheless, the A.B.A. Standards have been widely adopted in the United States and should be followed in New Mexico be-

cause they call for sound judicial administration as well as elementary principles of fairness. See 509 P.2d No. 5, Advanced Report, at XIV, XV for citation of cases on A.B.A. Standards.

The time has come for us to see that plea agreements are properly presented to the trial court and that the agreement be honored or the defendant granted permission to affirm or withdraw his plea of guilty. State v. Theurer, 118 N.J.Super. 485, 288 A.2d 587 (1972), rev'd, 62 N.J. 64, 298 A.2d 72 (1972).

A.B.A. Standards Relating to Pleas of Guilty, §§ 2.1(a)(ii)(5); 3.3(b), provide a fair method of procedure. When the plea agreement is presented to the trial court, he may indicate whether he will concur in the proposed disposition of the information if the pre-sentence report is consistent with the representations made to him. If the trial court disagrees with the plea agreement, he should advise the defendant and call upon the defendant to either affirm or withdraw his plea of guilty. It is a manifest injustice to deny the defendant the concessions contemplated by the plea agreement and deny the defendant the right to withdraw his plea of guilty.

Where a "manifest injustice" occurs, the defendant is entitled to withdraw his plea of guilty, once sentence has been pronounced, as a matter of right. State v. Theurer, supra; The People v. Riebe, 40 Ill.2d 565, 241 N.E.2d 313 (1968); People v. Palma, 25 Mich.App. 682, 181 N.W.2d 808 (1970); Commonwealth v. Barrett, 223 Pa.Super. 163, 299 A.2d 30 (1972); 2 Wright, Federal Practice and Procedure, § 539. Compare, People v. Goodman, 2 Ill. App.3d 584, 277 N.E.2d 136 (1971).

For application of the rules mentioned supra, see, Commonwealth v. Evans, 434 Pa. 52, 252 A.2d 689 (1969); Commonwealth v. Dickerson, 449 Pa. 70, 295 A.2d 282 (1972); United States v. Harvey, 463 F.2d 1022 (4th Cir. 1972); State v. Wolske, 280 Minn. 465, 160 N.W.2d 146

(1968); Tafoya v. State, 500 P.2d 247 (Alaska, 1972); Commonwealth v. Santos, 450 Pa. 492, 301 A.2d 829 (1973); Heberling, Judicial Review of the Guilty Plea, 7 Lincoln L.Rev. 137 (1972); Restructuring The Plea Bargain, 82 Yale L.Journal, 286 (1972); Vanore, Criminal Law—Enforcement of Plea Bargaining Agreements, 51 N.C.L.Rev. 602 (1973); Plea Bargaining, 56 Minn.L.Rev. 718 (1972).

It is obvious that a plea of guilty is involuntary when it is induced by an unkept promise of leniency. It constitutes a denial of due process of law. State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967).

Guilty pleas involve the simultaneous waiver of so many constitutional rights, the request to withdraw should be liberally allowed. We must vigilantly protect an individual's right to trial. A trial court abuses its discretion when it does not allow a guilty plea to be freely withdrawn. *Santos*, supra.

It is difficult to understand how the majority can toss aside Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971). Chief Justice Burger said (p. 262, 92 S.Ct. p. 499):

. . . a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, *such promise must be fulfilled.* [Emphasis added]

The State indirectly breached its agreement when it objected to defendant withdrawing his plea of guilty. If the State had agreed to withdrawal of the plea of guilty, the trial court may have granted this right or deferred sentence.

If this defendant feels he has not been fairly treated, he is less likely to conform to the rules of society. We should not play games with persons suffering a first felony. Experience teaches us that defendant may cynically view crime and cause society to suffer in the future. By a plea of guilty, defendant tried to save the State

"the high cost of trial by jury and its vagaries." How can we properly shut our minds to it?

Let the punishment fit the crime—after justice demands it, not before.