512 P.2d 1278

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Elizabeth Ann McCLARRON, aka Elizabeth Ann Sessions, Defendant-Appellant.**

No. 1141.

Court of Appeals of New Mexico.

July 11, 1973.

Fred Boone, Portales, for defendant-appellant.

David L. Norvell, Atty. Gen., Lee Griffin, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

The issue is whether the trial court erred in denying defendant's motion to withdraw her plea of guilty before sentence was imposed. Defendant claims denial of the motion deprived her of due process. This is a companion case to State v. Ramos, 85 N.M. 438, 512 P.2d 1274 (Ct. App.1973).

Defendant was charged with murder, to which she pled not guilty. Approximately two weeks prior to the trial date an amended information was filed charging voluntary manslaughter. She pled guilty to this charge. Sentencing was postponed until a pre-sentence report could be obtained.

Here, as in State v. Ramos, supra, there is an affirmative showing that the guilty plea was voluntary. Defendant does not claim to the contrary.

The pre-sentence report recommended a suspended sentence. There is some indication in the record that the probation officer was willing to change his recommendation to that of a deferred sentence. At the sentencing proceeding both the defense attorney and the district attorney recommended a deferred sentence. The district attorney's recommendation, as in State v. Ramos, supra, was part of a plea bargain.

Here, as in Ramos, supra, the trial court declined to follow the recommendations as to sentencing because of the offense involved—defendant shot and killed her husband. The trial court imposed the statutory penitentiary sentence for a third degree felony. It suspended all of the sentence except for sixty days to be served in the county jail and placed defendant on probation for two years from the date of her release from jail.

As in Ramos, supra, this is not a case of an unkept plea bargain. The district attorney agreed to file the reduced charge of voluntary manslaughter and upon defendant pleading guilty to the reduced charge, to recommend a deferred sentence. He kept that bargain.

This case differs from *Ramos,* supra, only in that the motion to withdraw the guilty plea was made before, rather than after, sentence was imposed. The judge and the attorneys were the same in both cases. Sentencing was the same day in both cases.

Sentencing in *Ramos,* supra, took place immediately prior to sentencing in this case. At oral argument, defense counsel stated that the motion to withdraw the plea in this case was made because the trial court had declined to follow the sentencing recommendations in *Ramos,* supra.

Before the trial court, defense counsel first argued that information as to the position of certain bullets had just been obtained. This was shown to be inaccurate and defendant does not claim the motion to withdraw the plea should have been granted on this ground.

Defense counsel then pointed out to the trial court " . . . that we have got practically a repeat . . . of the Ramos case. . . . " We agree. There is nothing showing defendant's expectation of a deferred sentence was the district attorney's doing. The agreement by the district attorney has been fulfilled. Defendant's affidavit, in pleading guilty, covers the possible penalty for voluntary manslaughter and states the plea was not induced by promises " . . . nor by any indication that I may expect the Court to grant me leniency because of my plea."

The circumstances here, as in *Ramos,* supra, show a defendant aware of her rights and the consequences of her acts, and not getting the sentencing result she desired. There was no denial of due process in denying the motion to withdraw the guilty plea prior to imposition of sentence. Stafford v. State, 82 N.M. 365, 482 P.2d 68 (Ct.App.1971).

The judgment and sentence is affirmed. It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

On September 18, 1972, defendant pleaded not guilty to an indictment for first degree murder.

On November 14, 1972, the indictment was amended to voluntary manslaughter and defendant pleaded guilty. A pre-sentence report was requested and the matter reset for December 4, 1972.

On December 4, 1972, defendant moved to withdraw her previous plea of guilty and enter a plea of not guilty. The State resisted the motion and the motion was denied. This was an abuse of discretion.

Section 2.1(b) ABA Standards Relating to Pleas of Guilty, provides in part:

Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

The defendant desired to withdraw her plea of guilty because of her theory of self defense called to her attention by the police investigation. The trial court said:

If this defendant's story is entirely true, her version of the offense, I believe then, of course, the jury would certainly be warranted in acquitting her on the charge against her whether it would be murder as originally charged or manslaughter to which she has now pleaded guilty.

This was a "fair and just reason" for withdrawal of the plea of guilty. The withdrawal should be allowed because judicial discretion should always be exercised in favor of innocence. People v. Walston, 38 Ill.2d 39, 230 N.E.2d 233 (1967); State v. Loyd, 291 Minn. 528, 190 N.W.2d 123 (1971); Commonwealth v. Santos, 450 Pa. 492, 301 A.2d 829 (1973); United States v. McGirr, 434 F.2d 844 (4th Cir. 1970).

After defendant's motion to withdraw was denied, the plea bargain for a deferred sentence was placed before the court. The court did not accept the recommendations

and imposed sentence. I adopt the reasons set forth in the dissent in State v. Ramos, 85 N.M. 438, 512 P.2d 1274 (Ct.App.), decided July 11, 1973, in my firm belief that the defendant should be granted the right to withdraw the plea of guilty or affirm the plea of guilty.