538 P.2d 795

STATE of New Mexico, Plaintiff-Appellee,

v.

Everett Charles BRAKEMAN, Defendant-Appellant.

STATE of New Mexico, Plaintiff-Appellee,

v.

Chon ROCHA, Defendant-Appellant.

STATE of New Mexico, Plaintiff-Appellee,

v.

Manuel GRIEGO, Defendant-Appellant.

Nos. 1847, 1848 and 1921.

Court of Appeals of New Mexico.

July 2, 1975.

Certiorari Denied Aug. 5, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Donald Klein, Jr., Associate Appellate Defender, Reginald J. Storment, Asst. Appellate Defender, Santa Fe, for defendants-appellants.

Toney Anaya, Atty. Gen., Santa Fe, Don Montoya, Asst. Atty. Gen., for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

In each case, the defendant pled guilty and appealed. The appeals were consolidated because each appeal raises the same issue. That issue is directed to asserted non-compliance with paragraphs (e), (f), and (h) of the Rules of Criminal Procedure 21, as amended October 1, 1974. The amended rule has not yet been included in our compiled statute. The specific claim is that the trial court failed to follow certain provisions in Amended Rule 21 and, therefore, erred in accepting the guilty plea.

■ We do not answer the various contentions because they are raised for the first time on appeal. See § 21–12–11, N.M.S.A.1953 (Interim Supp.1974). We have held "that the issue of voluntariness of a guilty plea cannot be raised for the first time on appeal." *State v. Vigil*, 85 N.M. 328, 512 P.2d 88 (Ct.App.1973). Similarly, we have held that issues directed to the trial court's procedure in accepting a guilty plea cannot be raised for the first time on appeal. *State v. Jordan*, 85 N.M. 125, 509 P.2d 892 (Ct.App.1973). This rule is applicable to claimed violations of Rules of Criminal Procedure 21.

■ Defendants ask this Court to reverse their convictions "and allow them to replead." They claim they are entitled to "plead anew". In the Brakeman and Griego cases, a plea and disposition agreement are of record. In the Rocha case, there is of record an affidavit concerning Rocha's election to plead guilty. A colloquy between the trial court and defendant is of record in each case. This colloquy occurred before the guilty plea was accepted. None of the defendants claim their guilty

plea was involuntary. They never sought to withdraw their guilty pleas in the trial court. We decline to review a procedure when defendants had no complaints about that procedure in the trial court.

Defendants intimate there may not be a way of raising, in the trial court, an issue as to the trial court's procedure. The intimation is not correct. See *State v. White,* 71 N.M. 342, 378 P.2d 379 (1962); *State v. Kincheloe,* 87 N.M. 34, 528 P.2d 893 (Ct. App.1974); *State v. McClarron,* 85 N.M. 442, 512 P.2d 1278 (Ct.App.1973); *State v. Ramos,* 85 N.M. 438, 512 P.2d 1274 (Ct. App.1973).

Oral argument is unnecessary. The Judgments and sentences are affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.