**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alfredo PUCHI, Jr., Defendant-
Appellant.**

**No. 25264.**

United States Court of Appeals,
Ninth Circuit.

May 3, 1971.

Rehearing Denied June 7, 1971.

John J. Flynn (argued), Scott E. Little, of Lewis, Roca, Beauchamp & Linton, Phoenix, Ariz., for defendant-appellant.

Ann Bowen (argued), Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before JERTBERG, BROWNING and TRASK, Circuit Judges.

JERTBERG, Circuit Judge:

By grand jury indictment filed on April 29, 1969, appellant Alfredo Puchi, Jr., and Joe "Doe" were accused of violating various sections of the Internal Revenue Code relating to unlawful possession, transportation, sale and relanding of non-tax and duty paid liquor. The individual referred to in the indictment as Joe "Doe" is Jose Cruz Velez, a resident and National of the Republic of Mexico.

Following trial to a jury, appellant was convicted on Count II of the indictment which reads:

"On or about the 4th day of April, 1969, in the District of Arizona, ALFREDO PUCHI, JR. and JOE "DOE" wilfully and knowingly did sell a quantity of distilled spirits required to be stamped under the provisions of Section 5205(a) (2), Title 26, United States Code, that is, ten (10) cases which contained one hundred twenty (120) one-fifth gallon bottles of whiskey, that is, sixty (60) bottles of Haig & Haig Scotch whiskey, and sixty (60) bottles of Seagrams V. O. whiskey, the immediate containers thereof not having affixed thereto stamps evidencing the determination of the tax thereon or indicating compliance with the provisions of § 5205(a) (2), Title 26, United States Code, all in violation of 26 U.S.C. § 5604(a) (1) and 18 U.S.C. § 2,"

and was acquitted of the charges set forth in Counts I and III of the indictment.[1]

He was committed to the custody of the Attorney General for imprisonment for a period of one year and fined in the sum of $10,000. The execution of the sentence of imprisonment was suspended for a period of two years on condition that he violate no laws of the United States or of any state, and that he pay the fine within sixty days from the date of sentence.

26 U.S.C.A. § 5205(a) (2) provides:

"§ 5205. Stamps

(a) Stamps for containers of distilled spirits.—

\*    \*    \*    \*    \*    \*    •

(2) Containers of other distilled spirits.—No person shall transport, possess, buy, sell, or transfer any dis-

---

1. Count I charged that the defendants wilfully and knowingly possessed and transported the quantity of distilled spirits required to be stamped, described in Count II, and Count III charged that the defendants with intent to defraud the United States did reland the quantity of distilled liquors described in Count II which had been withdrawn from a bonded warehouse for exportation and which had been shipped into Mexico, and which were relanded without the payment of duties thereon and without entry into the United States having been made for said spirits, in violation of 26 U.S.C. § 5608(b).

tilled spirits, unless the immediate container thereof is stamped by a stamp evidencing the determination of the tax or indicating compliance with the provisions of this chapter. * * *."

26 U.S.C.A. § 5604(a) (1) provides:

"§ 5604. Penalties relating to stamps, marks, brands, and containers

(a) General.—Any person who shall—

"(1) transport, possess, buy, sell, or transfer any distilled spirits, required to be stamped under the provisions of section 5205(a) (2), unless the immediate container thereof has affixed thereto a stamp as required by such section; or

\* \* \* \* \* \*

shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, for each such offense."

18 U.S.C.A. § 2 provides:

"§ 2. Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

Appellant concedes in his reply brief that the evidence at the trial is sufficient to sustain the conviction of appellant on Count II. This fact obviates the necessity of setting forth *in extenso* a statement of the evidence at the trial.

Appellant was the secretary and treasurer of Imports-Exports, Inc., located at Nogales, Arizona. The business of the bonded warehouse was to import from abroad liquor and other items for exportation from the United States. When merchandise is so imported to a bonded warehouse, the Government does not require that duties or taxes on the imported merchandise be collected or paid. Such a warehouse is required to post a substantial bond to insure that in the event of breakage, loss, theft, or other event causing unaccountability of the imported items, the Government would receive the taxes and duties which would normally be due. Merchandise imported from abroad is shipped directly to the warehouse where it is stored under lock and key and under the constant surveillance of a Customs Agent. When the merchandise is to be exported from the United States, it is transferred to a sealed vehicle for transportation either to the airport in Nogales or to the United States-Mexico border. The Customs Agent accompanies the merchandise in the sealed vehicle at all times and when the goods have been either loaded into an aircraft or crossed into Mexico, certifies to that fact and signs or initials documents so reflecting it.

The arrest of appellant on April 4, 1969, arose out of a transaction which many Government agents witnessed, in which Joe "Doe" sold certain non-tax and duty paid liquor to James C. Mitchell, a private citizen, who was the operator at the Tidelands Motor Inn, located at Tucson, Arizona. Arrangements for the purchase and sale had been made on April 3, 1969, in a telephone conversation between Mitchell and appellant, which was tape recorded with the consent of Mitchell by Customs Agent Dennis.

The taped recorded conversations mentioned above occurred on March 25, and April 3, 1969, between appellant and Mitchell. Prior to the first recorded conversation Mitchell had engaged in conversations with appellant concerning the purchase of liquor and liquor prices, and had visited with appellant at the bonded warehouse in Nogales, Arizona. Mitchell had also discussed with the local law enforcement officers and United States Customs Agents the subject of liquor which was being brought into the United States illegally, and Mitchell visited with Customs Agent Dennis at Nogales where the same subject was discussed.

On March 25, Agent Dennis visited Mitchell and stated that he had brought with him a tape recorder. Agent Dennis asked Mitchell to place a call to appel-

lant's bonded warehouse at Nogales. Mitchell agreed to allow the Customs Agents to tape the conversation, and it was recorded. Appellant was unaware of the taping of the conversation.

On April 3, Customs Agents, including Agent Dennis, visited with Mitchell and asked Mitchell to make another call to appellant at Nogales. The conversation again was taped with the consent of Mitchell. Again appellant was unaware of the taping of the conversation.

On April 4, 1969, Mitchell went to Nogales and there met Jose Cruz Velez who drove him to a residence on the American side of the border where the liquor described in the indictment was exchanged for $630.00.

Appellant's pretrial motion to suppress the taped conversations was denied. These taped recordings and agreed transcripts of their contents were admitted in evidence at the trial. At the trial the tapes were played to the jury at the request of appellant's counsel.

Appellant's motion to suppress the taped conversations was based primarily on Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), and United States v. White, 405 F.2d 838 (7th Cir. 1969), cert. granted 394 U.S. 957, 89 S.Ct. 1305, 22 L.Ed.2d 559 (1969).

In *White, supra,* the court held that the Fourth Amendment bars from evidence the testimony of government agents who related certain conversations which occurred between the defendant and a government informant, which the agents overheard by monitoring the frequency of the radio transmitter carried by the informer and concealed on his person. On *certiorari,* the Supreme Court reversed and held that the admission of the testimony of the government agents is not barred by the Fourth Amendment. United States v. White, 401 U.S. ——, 91 S.Ct. 1122, 28 L.Ed.2d 453, (decided April 5, 1971).

■ Hence there is no validity in appellant's contention in this case that the admission into evidence of the telephone conversations with Mitchell, which were monitored by Customs Agent Dennis without appellant's knowledge or consent, violated his rights under the Fourth Amendment.

■ Appellant's other contention in respect to the admission of such evidence is that such admission violates Public Law 90–351, Title III, 18 U.S.C.A. § 2510 et seq., and in particular argues that Sec. 2515 of Title 18 bars the use of the recordation in evidence.

In our view the provisions of such law do not preclude the use of intercepted communications when one of the parties thereto consented to the interception. We note that the Supreme Court in *White, supra,* states:

"Our opinion is currently shared by Congress and the Executive Branch, Title III, Omnibus Crime Control and Safe Streets Act of 1968, § 2510 et seq., 82 Stat. 197, 212 et seq., and * * *."

We find no error on the part of the district court in the admission of such evidence.

As above noted, indicted with appellant as Joe "Doe" was Jose Cruz Velez, a Mexican National residing in Nogales, Mexico, which is located across the border from Nogales, Arizona. Upon the return of the indictment, a bench warrant for Velez' arrest was issued. It was never served because of his absence from the United States. He remains subject to arrest on his return.

■ Two weeks before the trial date appellant moved the district court for an order to take the deposition of Velez outside the United States, pursuant to the provisions of Rule 15(a) of the Federal Rules of Criminal Procedure.

We first note that Rule 15(a) in relevant part states:

"If it appears that a prospective witness may *be unable to attend or prevented from attending a trial or hearing,* that his testimony is material and that it is necessary to take his deposition * * *, the court * * * may * * * order that his testi-

mony be taken by deposition * *." [*Italics ours.*]

The motion was supported by affidavits of appellant's counsel and two affidavits of Velez.

In his first affidavit Velez stated in substance:

That he is a Mexican citizen and a resident of Nogales, Sonora, Mexico; that he believes an indictment has been returned against him in the United States District Court for the District of Arizona, charging him as Joe "Doe," and Alfredo Puchi, Jr., as defendants, in Cause No. CR–69–151–Tucson, alleging that he has committed certain crimes against the United States; that he and his wife have been harassed by United States Customs officers in Mexico causing him to be fearful of the consequences of entering the United States of America; and that the said Customs officers have recently confiscated a truck from his brother at the border causing him additional apprehension.

The last paragraph of the affidavit states:

"That for the foregoing reasons your Affiant has refused, continues to refuse and will continue to refuse to enter the United States of America whily (sic) any such charges continue to exist against him; that notwithstanding such facts your Affiant is willing that his deposition, under oath, be taken at Nogales, Sonora, Mexico and will make himself available for examination to truthfully answer any questions that are put to him concerning the above designated case."

There is nothing in this first affidavit, nor in Velez' second affidavit, tending to establish that he was unable to attend or prevented from attending Puchi's trial within the meaning of the quoted provisions of Rule 15(a). His only stated reason for not attending the trial was fear of arrest and prosecution if he returned to the United States.

In our view appellant's showing on the motion to take Velez' deposition was fatally deficient under the require-ment contained in Rule 15(a) that the person to be deposed must be unable or prevented from attending the trial.

We do not question that the statement set forth in Velez' second affidavit was material to appellant's defense. In that affidavit Velez accepted sole responsibility for the offenses alleged in the indictment and exonerated appellant from any wrong-doing in connection therewith.

Notwithstanding the defects in appellant's showing, above mentioned, the district court conducted hearings on appellant's motion and the renewals thereof during the course of the trial. In the last hearing the district court quashed the bench warrant previously issued, and issued its order granting Velez safe passage from Mexico to Tucson, Arizona, and back, for the purpose of testifying at the trial. Velez, however, notwithstanding such order, refused to attend the trial and later such bench warrant was reinstated.

The granting or denial of the motion under Rule 15(a) rests in the sound discretion of the district court. See United States v. Hayutin, 398 F.2d 944, 954 (2d Cir.), cert. denied 393 U.S. 961 (1968).

We are unable to find any abuse of discretion on the part of the district judge.

We have reviewed the rulings of the district court in rejecting an offer of proof made by appellant, and the transcript of the testimony adduced at the hearing thereof.

Appellant concedes that the laws and regulations require that containers of distilled spirits imported for sale—as opposed to containers imported for personal use,—must be stamped with red strip stamps.

There is no dispute that red strip stamps were not affixed to the containers of distilled spirits, imported for sale in the instant case, as required by law and regulations.

In such offer appellant attempted to show that in isolated instances the practice of Customs Agents at the Mexi-

can border, relating to the importation for sale of distilled liquors, was not handled in accordance with the relevant statutes and regulations; that red strip stamps were not available in the City of Nogales, Arizona; and that in isolated instances Customs Agents, upon being informed that distilled spirits were being imported for sale, were noncommittal to the persons making such declarations.

Appellant argues that the offered testimony was material to the charge of wilful violation of law. The district court rejected such offer of proof on the ground that it lacked materiality. The admission or exclusion of evidence of this character, for the purpose described, rests in the sound discretion of the district court.

We find no abuse of such discretion.

In the course of defense testimony, appellant produced William Eaton, a Customs Inspector, as a witness. His testimony was heard by the court outside of the presence of the jury. He testified that he had spoken to Velez at Nogales, Sonora, Mexico and had then spoken to Customs Agent John Dennis, who was a law enforcement officer of the Treasury Department and was in charge of the investigation into the activities of appellant, concerning the possibility of securing Velez as a witness against appellant.

Velez telephoned Eaton and Velez had the telephone conversation tape recorded. The tape recording of such conversation was played to the court out of the presence of the jury. From such taped conversation appellant contends that Eaton implied to Velez that Velez should "lie" against appellant in return for a grant by the Government of free passage between Mexico and the United States. After hearing the testimony of Mr. Dennis concerning his activities and knowledge of the Eaton-Velez episode, also out of the presence of the jury, the court refused to admit the tape recording and the testimony of Eaton and Dennis into evidence.

Appellant contends that the testimony adduced at the hearing, and the tape recording, should have been received for the purpose of showing the jury the bias, prejudice and bad motive of the Government agents involved in the investigation and prosecution of appellant.

The basis of the court's ruling was that Eaton had acted without authority in contacting and conversing with Velez.

While we incline to the view that the district court erred in refusing to receive the proffered testimony and tape recording into evidence, after reviewing all the facts and circumstances in the record and considering the limited purpose for which they were proffered, it is our view that such ruling was not prejudicially harmful to appellant.

As noted earlier in this opinion, the tape recorded conversations between appellant and Mitchell were received in evidence over appellant's objection. By stipulation of counsel, the tape recordings were played to the jury during the course of the trial. After deliberating for some period of time, the jury requested to hear the tape recordings replayed. Over objection of counsel the tape recordings were replayed, and one of them was played a third time. Appellant contends that the district court, in allowing the jury to hear the tapes during deliberations, abused its discretion. Appellant argues that such replaying unduly emphasized the weight to be given to such evidence, and the judgment of conviction should be reversed for such reason.

We find no error on the part of the district court in acceding to the jury's request that such recordings be replayed. See United States v. DePalma, 414 F.2d 394, 395 (9th Cir. 1969).

Finally, appellant contends that the verdicts of the jury finding appellant not guilty of Count I and not guilty of Count III, and guilty on Count II, are so inconsistent that the verdict of guilty on Count II cannot stand.

We do not agree. See Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L. Ed. 356 (1932); and United States v. Manglona, 414 F.2d 642 (9th Cir. 1969).

  On this appeal a new point is raised by appellant in his reply brief which was not raised in appellant's opening brief, nor on his motion for a new trial in the district court. We refuse to consider such new point on this appeal.

The judgment of conviction is affirmed.