**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Francisco RUELAS–ALTAMIRANO,
Defendant-Appellant.**

**No. 72–1235.**

United States Court of Appeals,
Ninth Circuit.

July 17, 1972.

---

Robert Ripley (argued), San Diego, Cal., for defendant-appellant.

Donald F. Shanahan, Asst. U. S. Atty. (argued), Harry D. Stewart, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HAMLEY and CHOY, Circuit Judges, and CRARY, District Judge.*

PER CURIAM:

Francisco Ruelas-Altamirano appeals from a judgment following a verdict of guilty of one count of illegal importation and one count of possession with intent to distribute marijuana, 21 U.S.C. §§ 952, 960, 963 and 841(a) (1).

Three errors are urged by the appellant:

(1) The trial court abused its discretion in refusing to allow a cultural geographer, Professor Gettner, to testify that Mexican people often do not know the name of their employer and that favors are regularly given to and accepted by the Mexican Police from strangers.

(2) Denial of defendant's motion for mistrial grounded on alleged prejudicial comment by Government counsel in his opening statement as to inconsistent statements of the appellant concerning his reason for crossing the border from Mexico to Calexico on the day involved.

(3) Alleged misconduct of the interpreter.

■ The appellant, a Mexican Policeman dressed at the time in uniform, was arrested when crossing the border at about 2:45 P.M., July 29, 1971, driving a 1963 Ford sedan containing 87 kilos of marijuana which were concealed in a compartment constructed by raising the floor of the car. He appeared to be in a very uncomfortable position sitting behind the steering wheel with both knees up high due to the raised floor.

Appellant testified that while walking to work in Mexicali on July 29 he was stopped by a stranger who offered him a ride and, after being told by the appellant that he was going to work at the Police Department said: "Why don't you use my car?" The appellant had not indicated he wanted a ride nor did he offer to do any favor for the stranger which might have prompted the tender of the use of the car.

In the circumstances, this Court concludes that the District Court did not abuse its discretion in sustaining the Government's objection to the proffered

* Honorable E. Avery Crary, United States District Judge, Central District of California, sitting by designation.

testimony of Professor Gettner. Lustiger v. United States, 386 F.2d 132, 140–141 (9 C.A.1967).

The District Court possesses a wide latitude in determining the relevancy or materiality of evidence. United States v. Puchi, 441 F.2d 697, 702 (9 C.A.1971); and Nutter v. United States, 412 F.2d 178, 183 (9 C.A.1969).

The record discloses, with respect to the second alleged error, that appellant told the United States Customs Inspector at the secondary inspection area that he was going to Calexico to get cigarettes whereas the reason he gave the Inspector in the primary area for crossing the border was "to get a few cold ones." The latter statement, which the Inspector disclosed to the United States Attorney a day or two before trial, had not been made known to defendant's counsel although, by omnibus order made several weeks prior to trial, the Government had been instructed to disclose all statements of the appellant.

The District Court, immediately following appellant's counsel's objection to the statement, instructed the jury to disregard it completely and that no such evidence would be allowed to be introduced at the trial.

Having in mind all the circumstances, as disclosed by the record, the Court concludes the District Court did not abuse its discretion in denying the defendant's motion for mistrial made during the opening statement of Government counsel. United States v. Courtney, 257 F.2d 944, 947 (2 C.A.1958), certiorari denied 358 U.S. 929, 79 S.Ct. 316, 3 L.Ed.2d 303.

We find the alleged error as to misconduct on the part of the interpreter is not supported by the record and to be without merit.

The judgment is affirmed.