500 P.2d 448

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Dennis SANCHEZ, Jr., Defendant-Appellant.**

**No. 902.**

Court of Appeals of New Mexico.

Aug. 4, 1972.

Thomas E. Jones, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant was convicted of burglary of a dwelling, § 40A–16–3, subsec. A, N.M.S.A.1953 (Repl.Vol.1964, Supp.1971). Prior to sentencing the state filed a supplemental information which charged that defendant had previously been found guilty of two other separate felonies, together with the current conviction and requesting defendant's ". . . punishment should be in accordance with Section 40A–29–5–B [N.M.S.A.1953, (Repl.Vol.1964)] . . . ."

Section 40A–29–7, N.M.S.A.1953 (Repl.Vol.1964) which sets the procedure for prosecution of habitual offenders states in part:

"The court wherein a person has been convicted of a felony and where such person has been charged as a habitual offender under the provisions of sections 29–5 and 29–6 [40A–29–5 and 40A–29–6], shall cause such defendant, whether confined in prison or otherwise, to be brought before it, shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require the defendant to say whether he is the same person as charged in the information or not. If the defendant denies being the same person or refuses to answer, or remains silent, his plea or the fact of his silence, shall be entered of record and a jury shall be empaneled to inquire if the offender is the same person mentioned in the several records as set forth in the information. * * *"

It is defendant's contention that even though he affirmatively waived a jury trial on the question of identity, he did not admit that he was the same person charged in the supplemental information. We agree.

The state contends that from a reading of the record as a whole, defendant did admit identity. We do not so read the record. Never did defendant or his counsel make such an admission. Although the record would lead one to believe defendant would have made such an admission had he been asked, the fact remains that he did not make the admission.

The law requires an admission or a determination of identity. Strict compliance with the procedures set forth in § 40A–29–7, supra (compare State v. Roybal, 66 N.M. 416, 349 P.2d 332 (1960)) is required. The trial court failed to comply with the statute. The cause is reversed and remanded for a hearing to be held in strict conformity with § 40A–29–7, supra.

It is so ordered.

WOOD, C. J., concurs.

HERNANDEZ, J., dissenting.

HERNANDEZ, Judge (dissenting).

I believe that for a proper evaluation of my dissent it is necessary to set forth an

exchange which took place, in open court, between the court, the defendant and his attorney. The district attorney had read the supplemental information to the defendant and concluded by saying: "Mr. Sanchez, before you give an answer on the supplemental information, it is my duty to inform you that you are entitled to a jury trial on the matter of whether or not you are the same man who was convicted of the previous two burglaries, and at this time I will ask the court to continue from there."

Then the court proceeded:

"Q. Mr. Sanchez, are you the same person who was convicted on the other two charges?

"MR. SINGER: Your Honor, the defendant will respectfully refuse to answer that question on the grounds that it may tend to incriminate him.

"Q. Do you demand a jury trial on the question of your identity, Mr. Sanchez?

"MR. SINGER: Would you like to talk to me about that?

"A. I would like to talk to my lawyer about that.

"THE COURT: Go ahead. We will recess for five minutes and you can talk to him.

"THE COURT: Mr. Singer, after having had an opportunity to discuss this supplemental information filed by the District Attorney, does your client wish to answer the court's question?

"MR. SINGER: Yes, I believe he does, Your Honor. Not waiving his right to contest the legitimacy and constitutionality or the validity of the Habitual Criminal Statute, he will answer the court's questions at this time, and he also has been informed that he has a right to a jury trial on the matter of his identity and a right to have counsel represent him at that trial.

"THE COURT: All right.

"Q. Mr. Sanchez, do you wish to have a jury trial on the question of whether or not you are the same person who was convicted on June 29th of two other charges of burglary? Do you wish a jury trial on that matter?

"A. No.

"Q. All right. The court will then impose a sentence, but I will give you an opportunity to make any—

"Q. You understand, Mr. Sanchez, that when you have been convicted of three felonies in New Mexico, the District Attorney is permitted to file a habitual criminal charge against you, and—

"A. Yes, Ma'am.

"Q. —and the only question as to whether or not you are guilty of being an habitual criminal is whether or not you are the same person, and on that issue you may have a jury trial if you wish it. If you do not wish a jury trial on the question of whether or not you are the same individual, the court will find you guilty of the charges in the information charging you with being an habitual criminal, and in that case the court can impose a sentence not greater than three times the longest sentence applicable under your conviction, for the other crimes of which you have been convicted. Now, do you understand that?

"A. Yes, Ma'am.

"Q. And at this time it is within the power of the court to sentence you as an habitual criminal. Do either of you wish to make a statement before sentence is pronounced?"

Defendant's attorney did raise some questions not pertinent to this appeal.

Section 40A–29–7, N.M.S.A.1953 (Repl. Vol. 6) in addition to the part quoted above goes on to provide: "If the jury finds that the defendant is the same person and that he has in fact been convicted of such previous crimes as charged, *or if he acknowledges* or confesses *in open court, after being duly cautioned as to his rights, that he is the same person and that he has in fact been convicted of such previous*

**166**

*crimes as charged,* then the court shall sentence him to the punishment as prescribed in section 29–5 [40A–29–5] governing habitual offenders, and the court shall thereupon deduct from the new sentence all time actually served on the next preceding sentence and the remainder of the two [2] sentences shall run concurrent." [Emphasis mine]

It is my opinion that the responses given by the defendant constitute an acknowledgement that he was the same person who had been convicted of the previous crimes as charged. The word "acknowledge" is defined as "to show by word or act that one has knowledge of and agrees to a fact or truth". Websters Third New International Dictionary.

The court then went on to sentence the defendant without objection by the defendant. This issue never having been presented to nor ruled upon by the trial court is therefore not properly before this court. Section 21–2–1(20)(2) N.M.S.A. 1953 (Repl.Vol. 4). State v. Tipton, 77 N. M. 1, 419 P.2d 216 (1966); State v. Colvin, 82 N.M. 287, 480 P.2d 401 (Ct.App.1971); State v. Sero, 82 N.M. 17, 474 P.2d 503 (Ct.App.1970).

Moreover, we should refuse to consider this issue for the reason that the defendant failed to specify it in his brief-in-chief as error, as required by § 21–2–1(15)(14) (d) N.M.S.A.1953 (Repl.Vol. 4). The issue was raised for the first time in defendant's reply brief. United States v. Puchi, 441 F.2d 697 (9th Cir. 1971); Fredrick v. United States, 163 F.2d 536 (9th Cir. 1947); State v. McCormick, 7 Ariz.App. 576, 442 P.2d 134 (1968).

This issue is not jurisdictional nor does it involve a question of fundamental rights such as to require consideration in spite of the rules and decisions of this court. See State v. Garcia, 19 N.M. 414, 143 P. 1012 (1914); State v. Torres, 78 N.M. 597, 435 P.2d 216 (Ct.App.1967).

For these several reasons I respectfully dissent.