523 P.2d 812

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Edward BONNER, Defendant-Appellant.**

**No. 1195.**

Court of Appeals of New Mexico.

June 5, 1974.

Edwin E. Macy, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, A. L. Strong, Asst. Atty. Gen., for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant, a prisoner in custody under sentence of a New Mexico court, appeals from the trial court's denial of his Rule 93 motion. See § 21–1–1(93)(e), N.M.S.A. 1953 (Repl.Vol.1970). He alleges that his confession to the allegations of the supplemental information filed pursuant to the Habitual Criminal Act was involuntary. See §§ 40A–29–5 through 40A–29–8, N.M.S.A.1953 (Repl.Vol.1972). Specifically he claims the trial court never informed him of his right to trial of the allegations in the supplemental information and therefore sentenced him in violation of the laws of New Mexico. See § 21–1–1(93)(e), supra. We agree.

The record discloses the following: On May 2, 1969 defendant, with counsel present, was being arraigned on a criminal indictment in criminal cause no. 19438. Defendant entered pleas of not guilty to the two counts of the indictment. The assistant district attorney then stated:

"* * *—in criminal cause 19331, he has been convicted of robbery while armed with a deadly weapon, and he is present for sentencing before the court; however there is a supplementary information filed [dated May 2, 1969] and I would like to arraign him on this in connection with the same case and in connection with the sentencing.

"THE COURT: All right."

The assistant district attorney went on to read the three count supplemental information. After reading the first two counts he asked the defendant "Are you the same person that was convicted of that crime?" Defendant responded "I am." The assistant district attorney then read the third count which related to a prior conviction and contained the following language:

"'* * *, and, therefore, his punishment should be in accordance with Section 40A–29–5–B.'"

Defendant was not asked if he was the same person that was convicted of the crime contained in the third count.

The court then committed defendant " * * * to the State Penitentiary for not less than fifty nor more than one hundred fifty years. * * * "

Defendant did not file a direct appeal. However, a denial of prior Rule 93 motion, not pertaining to the present issue, was affirmed by this court. State v. Bonner, 81 N.M. 471, 468 P.2d 636 (Ct.App.1970).

Section 40A–29–7, supra, states:

" * * * *The court* wherein a person has been convicted of a felony and where such person has been charged as a habitual offender under the provisions of sections 29–5 and 29–6 [40A–29–5 and 40A–29–6], *shall cause such defendant, whether confined in prison or otherwise, to be brought before it, shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require the defendant to say whether he is the same person as charged in the information or not.* If the defendant denies being the same person or refuses to answer, or remains silent, his plea or the fact of his silence, shall be entered of record and a jury shall be empaneled to inquire if the offender is the same person mentioned in the several records as set forth in the information. If the jury finds that the defendant is the same person and that he has in fact been convicted of such previous crimes as charged, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person and that he has in fact been convicted of such previous crimes as charged, then the court shall sentence him to the punishment as prescribed in section 29–5

[40A–29–5] governing habitual offenders, and the court shall thereupon deduct from the new sentence all time actually served on the next preceding sentence and the remainder of the two [2] sentences shall run concurrent." (Emphasis added)

Two opinions of this court appear to be in conflict on the manner of interpreting this statute. State v. Madrid, 83 N.M. 603, 495 P.2d 383 (Ct.App.1972) states in part: " * * * Section 40A–29–7, supra, does not specifically require the trial court to advise a defendant of the enhanced penalty. * * * " State v. Sanchez, 84 N.M. 163, 500 P.2d 448 (Ct. App.1972) on the other hand requires " * * * [s]trict compliance with the procedures set forth in § 40A–29–7. * * * " In light of the constitutional mandate of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) we deem the latter approach more advisable. However, compare State v. Elledge, 81 N.M. 18, 462 P.2d 152 (Ct.App.1969). We note that State v. Knight, 75 N.M. 197, 402 P.2d 380 (1965), cited as authority for the *Madrid* holding, was a pre-*Boykin* decision.

We hold that § 40A–29–7, supra, means what it says. The trial court " * * * *shall* inform him [defendant] of the allegations contained in * * * [the] information and of his right to be tried as to the truth thereof according to law, * * * ." There is no showing on the present record that the judge himself or through an officer of the court so informed the defendant.

The judgment is reversed and the case remanded for a hearing in strict conformance with § 40A–29–7, supra.

It is so ordered.

SUTIN and LOPEZ, JJ., concur.