539 P.2d 620

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**David JORDAN, Defendant-Appellant.**

**No. 1949.**

Court of Appeals of New Mexico.

Aug. 13, 1975.

Scott McCarty, Marchiondo & Berry, P. A., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of burglary, defendant appeals. He alleges error on the basis of: (1) insufficient evidence; (2) prosecutor misconduct; (3) defects in the habitual offender proceedings; and (4) an improper habitual offender sentence.

*Sufficiency of the Evidence*

Rhonda was living in her parents' home during their absence. On the evening of August 15th she got married. Returning after the wedding festivities she discovered the back door to her bedroom open and the lights on. The door was locked when she left for her wedding. Several rifles and shotguns had been taken.

Tina was staying at the residence of Susan. Subsequent to the burglary, defendant telephoned Tina at Susan's residence. He told Tina that there were some guns in the back yard in some weeds, to bring them inside the house, that the guns were "hot". Tina brought the guns inside. Susan sold one of the guns to Gurule a couple of weeks after they appeared in the house. Susan and Tina left Farmington for Hobbs the last of August or first of September. This evidence is sufficient to show that defendant had knowledge of the location of the guns and knowledge that the guns had been stolen not later than August 17th. The burglary occurred the evening of August 15th.

Defendant admitted to Susan that he stole the guns. He also told Susan the guns were his.

Rhonda had placed the guns in an inside storage room of the residence about a week prior to the wedding. Johnny saw her place the guns in the storage room.

Johnny and defendant had been invited to the wedding and the subsequent festivities but did not attend. Johnny was to have been "best man" but excused himself on the basis that he had to work. On the evening of the wedding, about 9:30 or 10:00 p. m., Johnny's car was parked near the residence. Johnny was seen looking in through the front windows of the residence; defendant was seen coming around from the side of the house where the storage room was located. The burglary was discovered about midnight.

The guns had been somewhat hidden in the storage room; one had to wade through the rest of the stuff in the storage room to get to the guns. Nothing had been taken except the guns and nothing, other than the guns, had been disturbed.

Johnny's car was parked near a bar at 1:00 a. m. Johnny and defendant left the bar about 1:45 a. m. The car, driven by defendant, was stopped and searched. There were two dusty tires in the trunk. There were marks in the dust on the tires as if long objects had been laid on them. The marks were fresh.

The record shows that defendant possessed recently stolen property and that he came into possession of the property by theft. This evidence, together with evidence of defendant's presence at the scene near the time the crime was committed in the company of a person who knew the precise location of the property, permits the inference that defendant stole the guns during an unauthorized entry of Rhonda's residence. Compare *State v. Heim,* 83 N. M. 260, 490 P.2d 1233 (Ct.App.1971). The evidence is sufficient to sustain the conviction.

*Asserted Prosecutor Misconduct*

The misconduct claim has two parts; both are directed to the prosecutor's closing argument to the jury.

(a) Defendant asserts the prosecutor told the jurors they could not acquit defendant unless they found the prosecuting attorney guilty of a conspiracy to convict defendant. There was no objection to the allegedly improper remarks. They will not be reviewed. *State v. Vallejos,* 86 N. M. 39, 519 P.2d 135 (Ct.App.1974).

(b) The prosecutor referred to defendant's admission to Susan that he had stolen the guns. Defendant objected, claiming that was not Susan's testimony. It was.

*Habitual Offender Proceedings*

(a) Defendant was charged as a habitual offender under § 40A–29–5, N.M. S.A.1953 (2d Repl.Vol. 6). He claims the charge was "defective" for failure to name a specific subsection of the statute. No

such claim was made in the trial court and, thus, will not be considered. Rule of Criminal Procedure 33(e)(2); see *State v. Mata,* 86 N.M. 548, 525 P.2d 908 (Ct.App. 1974).

■ (b) Defendant admitted the allegations in the habitual offender charge. He now claims ineffective assistance of counsel in the habitual offender proceeding because his counsel failed to inform him of the effect of § 40A–29–7, N.M.S.A.1953 (2d Repl.Vol. 6) and his rights under the statute and the Constitution. There is nothing in this record directed to the advice counsel did or did not give defendant. The claim has no support in the record.

(c) Defendant complains of the trial court's procedure prior to his admitting the charge of being a habitual offender. Section 40A–29–7, supra, states the court shall require the defendant to say whether he is the same person as charged in the information. ". . . [I]f he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person and that he has in fact been convicted of such previous crimes as charged, then the court shall sentence him . . . ." Defendant asserts his admission could not legally be accepted because he was not "duly cautioned as to his rights". The rights he claims he should have been cautioned about are those set forth in *State v. Vigil,* 85 N.M. 328, 512 P.2d 88 (Ct.App.1973). As to the applicability of those rights in a habitual proceeding, see *State v. Bonner,* 86 N.M. 314, 523 P.2d 812 (Ct.App.1974); In re Yurko, 10 Cal.3d 857, 112 Cal.Rptr. 513, 519 P.2d 561 (1974).

■ Defendant does not claim that his admission was involuntary. His claim is that the trial court's procedure was defective. This issue is raised for the first time on appeal and will not be considered. *State v. Jordan,* 85 N.M. 125, 509 P.2d 892 (Ct.App.1973); See *State v. Brakeman,* 88 N.M. 153, 538 P.2d 795 (Ct.App.), decided July 2, 1975.

*Habitual Offender Sentence*

The information, charging defendant as a habitual offender on the basis of the burglary, relied on two prior convictions. One of the prior convictions was a burglary in Arizona. No issue is raised concerning utilization of the Arizona burglary to enhance the sentence for the current burglary.

The second of the prior convictions was the sale of LSD. Defendant contends this conviction could not be utilized to enhance his sentence for the current burglary. We disagree.

Defendant claims his LSD conviction was under the Controlled Substances Act enacted in 1972. The claim is not supported by the record. The information charges that the LSD conviction occurred in the District Court of San Juan County in April, 1972. The Controlled Substances Act carried an emergency clause. Laws 1972, ch. 84, § 61. It was effective when approved. N.M.Const., Art. IV, § 23. It was approved February 29, 1972. See footnote to Laws 1972, p. 437. Any offense occurring prior to the effective date was to be prosecuted under prior law. Laws 1972, ch. 84, § 40. We cannot tell from this record when defendant committed the offense of selling LSD and, therefore, do not know which law was applicable to that offense.

■ Regardless of the law applicable to the LSD offense, the trial court properly used that offense in enhancing defendant's sentence.

The current crime is burglary and the enhanced sentence is for that crime. See *State v. Tipton,* 78 N.M. 600, 435 P.2d 430 (1967). Thus, enhancement for a current narcotic offense or a current offense under the Controlled Substances Act is not involved. *State v. Lujan,* 76 N.M. 111, 412 P.2d 405 (1966); *State v. Alderete,* 88 N. M. 150, 538 P.2d 422 (Ct.App.) decided July 2, 1975.

If defendant's LSD offense was for a conviction under the law prior to the Con-

trolled Substances Act, that conviction was a prior offense which could be utilized in enhancing defendant's current burglary offense. *State v. Lard*, 86 N.M. 71, 519 P.2d 307 (Ct.App. 1974). The reasoning of *Lard* applies to prior offenses under the Controlled Substances Act. There is no conflict between the provisions of § 54–11–22(A), N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, Supp. 1973) and § 40A–29–5, supra. Nor do we discern any legislative intent within the Controlled Substances Act to prohibit use of a Controlled Substances Act conviction to enhance a subsequent burglary conviction. It is the fact of the prior felony that is the basis for the enhanced sentence for the current burglary. *State v. Lard,* supra.

Oral argument is unnecessary. The judgment and sentence are affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.