988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd Linh VONGSAY, Defendant-Appellant.
 No. 92-50408.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 25, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-91-1031-ER; Edward Rafeedie, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tood Linh Vongsay appeals her conviction, following a jury trial, for importation of opium and possession with intent to distribute opium in violation of 21 U.S.C. §§ 841(a)(1), 952(a). Vongsay argues that the district court erred by refusing to admit evidence from a proffered expert on Mien culture. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for manifest error or abuse of discretion a district court's exclusion of expert testimony. United States v. Rubio-Villareal, 927 F.2d 1495, 1502 (9th Cir.1991), amended on other grounds, 967 F.2d 294 (1992).
 
 
 4
 Here, Vongsay flew into the Los Angeles International Airport on a flight from Bangkok, Thailand. Customs inspectors searched her and found approximately 2200 grams of opium concealed in eight tubes of toothpaste and two rice cookers.
 
 
 5
 At trial, Vongsay testified that the toothpaste tubes and rice cookers were gifts that she had been asked to deliver to the United States and that she did not know that they contained opium. Vongsay proffered an expert on Mien culture, who would have testified that delivering gifts for others is customary in Mien culture and that doing so upon request is obligatory. The expert also would have testified regarding certain Mien cultural traits. The district court excluded the evidence on the ground that it was irrelevant and unnecessary.
 
 
 6
 We have previously held that a district court's refusal to admit evidence from a cultural expert does not constitute an abuse of discretion. See Rubio-Villareal, 927 F.2d at 1502 (district court properly excluded expert testimony regarding Mexican culture in trial of Mexican defendant for drug offenses); United States v. Ruelas-Altamirano, 463 F.2d 1197, 1198-99) (9th Cir.1972) (per curiam) (same); see also United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 823 (9th Cir.) (district court properly excluded expert testimony regarding Taiwanese customs where defendant failed to show any personal application of the testimony), cert. denied, 471 U.S. 1139 (1985).
 
 
 7
 In light of our decisions in Rubio-Villareal and Ruelas-Altamirano, and the other evidence of Mien culture admitted in this case, the district court did not abuse its discretion by refusing to admit the evidence from the expert on Mien culture.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3