This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    NO. 32,179

**MEL GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals his convictions for commercial burglary and theft of a credit card. We issued a notice of proposed summary disposition proposing to affirm on July 31, 2012. Defendant responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm.

On appeal, Defendant argues that his convictions for commercial burglary and theft of a credit card were not supported by sufficient evidence. [MIO 2-4] "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *overruled on other grounds as recognized by State v. Gallegos*, 2012 WL 3200591 (Ct. App. 2012).

We begin with Defendant's commercial burglary conviction. In order to convict Defendant of commercial burglary, the State was required to present evidence beyond a reasonable doubt that Defendant entered the Bernalillo First Baptist Church without authorization and that he intended to commit a theft when inside. [RP 74] *See*

NMSA 1978, § 30-16-3(B) (1971) (defining burglary). The State presented evidence that Defendant entered the church asking for assistance and was told by church members to wait until after services when they would help him. [DS 2; MIO 1] Defendant was also told to remain in the front area of the church or attend the sermon while he waited. [MIO 1-2] Defendant remained at the church for over an hour and a half, during which time he entered several of the church classrooms. [DS 2] One of the people at the church, Santiago Rentas, discovered his wallet and jacket missing during this time, and some people questioned Defendant. [RP 25-26; DS 2] The jacket was later found hidden behind some books in a classroom, but without the wallet. [MIO 2; DS 2] Two days after Defendant went to the church, he was arrested on a probation violation. [DS 3] When Defendant was searched at the jail, the missing wallet and credit card were found in his sock. [MIO DS 3]

Defendant argues that there was no evidence that anyone saw him take the wallet. [MIO 3] However, the State was not required to present an eyewitness in order to convict Defendant. In this case, Defendant was found in possession of the stolen wallet, and he was present at the time the victim's jacket was taken. We find this evidence sufficient to support his conviction. *See State v. Jordan*, 88 N.M. 230, 231, 539 P.2d 620, 621 (Ct. App. 1975) (holding the evidence sufficient to sustain the defendant's burglary conviction where defendant was found in possession of recently

3

stolen property and had been present at the scene near the time of the crime); *see also Cunningham*, 2000-NMSC-009, ¶ 29 (stating that circumstantial evidence may be sufficient to uphold a conviction). Defendant also argues that there was no evidence that he knew that the classroom was off limits. [MIO 3] We reject this argument, however, because there was testimony that Defendant was told by church members to remain in the front area of the church or to attend the sermon while he waited. [MIO 1-2]

Defendant also argues that the State failed to prove that he committed theft of a credit card. [MIO 4] In order to convict Defendant of theft of a credit card, the State was required to present evidence beyond a reasonable doubt that: (1) Defendant took from the possession, custody, or control of another a credit card issued to Santiago Rentas without the cardholder's consent, and (2) at the time Defendant took the credit card, he intended to permanently deprive the cardholder of the card. [RP 75] *See* NMSA 1978, § 30-16-26 (1971) (defining theft of a credit card). Defendant again argues the State could not have proved these elements because no one saw him take the credit card. [MIO 4] However, as stated above, there was evidence that Defendant was in possession of the victim's stolen wallet and credit card and that he was at the scene when these items were taken. We find this sufficient to support Defendant's conviction for theft of a credit card, despite the lack of an eyewitness. *See State v.*

4

*Hoeffel*, 112 N.M. 358, 361, 815 P.2d 654, 657 (Ct. App. 1991) ("Intent can be proved by circumstantial evidence.").

For these reasons, and those stated in the notice of proposed summary disposition, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**TIMOTHY L. GARCIA, Judge**